## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **STEVE CAMPBELL,** | : | |
| 330 Village Drive | : | |
| Rifle, CO 81650 | : | Case No.:  2:19-cv-466 |
| | : | |
| and | : | JUDGE |
| | : | |
| **RYAN CARR,** | : | MAGISTRATE |
| 528 Raccoon Lane | : | |
| Sunbury, OH 43074 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| and | : | |
| | : | |
| **RICHARD CONLEY,** | : | |
| 8424 Cascade View Drive | : | |
| Columbus, OH, 43240 | : | |
| | : | |
| and | : | |
| | : | |
| **NICHOLAS DALTON,** | : | |
| 801 Polaris Parkway, Apt 467 | : | |
| Columbus, OH, 43240 | : | |
| | : | |
| and | : | |
| | : | |
| **JAMIE FORSYTHE,** | : | |
| 1560 Deer Crossing Lane | : | |
| Worthington, OH 43085 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAEL HILL,** | : | |
| 1399 Country Side Drive | : | |
| Newark, OH 43055 | : | |
| | : | |
| and | : | |
| | : | |
| **ANDREW JOHNSTON,** | : | |
| 6126 Alice Drive | : | |
| Westerville, OH 43081 | : | |
| | : | |
| and | : | |
| | : | |

**TERRY KEITH,**                    :
5693 Wena Way                        :
Newark, OH 43081                     :
                                     :
    and          :
                                     :
**JOSEPH KOBALKA,**                 :
1126 Green Knoll Drive               :
Westerville, OH 43081                :
                                     :
    and          :
                                     :
**THOMAS LEONE,**                   :
9295 Polaris Green Drive             :
Westerville, OH 43081                :
                                     :
    and          :
                                     :
**TERRANCE MALONE,**                :
1816 Pineland Drive                  :
Clearwater, FL 33755                 :
                                     :
    and          :
                                     :
**CHRISTOPHER MCVAY,**              :
539 Braxton Place West               :
Westerville, OH 43081                :
                                     :
    and          :
                                     :
**NORA MERHAR,**                    :
695 E. Beaumont Road                 :
Columbus, OH 43214                   :
                                     :
    and          :
                                     :
**DAVID MILLER,**                   :
9295 Polaris Green Drive             :
Columbus, OH 43240                   :
                                     :
    and          :
                                     :
**SHARON MILLER,**                  :
3450 Steiner Street                  :
Columbus, OH 43231                   :

                                                  :

and                                :
                                                  :

**CAMERON MOKAS,**               :
2436 Medary Avenue          :
Columbus, OH 43202          :
                                                  :

and                                 :
                                                  :

**KENNY NG,**                     :
10028 Madison Walk Avenue   :
Las Vegas, Nevada 89149     :
                                                  :

and                                 :
                                                  :

**MICHAEL SCHERTZER,**      :
2508 Ferris Park Drive North    :
Columbus, OH 43224          :
                                                :

and                                 :
                                                  :

**MATT STEPHEY,**              :
1375 Stratford Woods Drive     :
Newark, OH 43055            :
                                                :

and                                 :
                                                  :

**TAMMY TULL OAKLEY,**     :
4153 Franklin Street          :
Grove City, OH 43123        :
                                                :

and                                 :
                                                  :

**HOWARD WATTS,**            :
5736 Cali Glen Lane          :
Westerville, OH 43082       :
                                                :

and                                 :
                                                  :

**ERIC WILDER,**               :
174 Aspen Court             :
Delaware, OH 43015          :
                                                :

and                                 :
                                                  :

**ARTUR YAGDZHIYANTS,**      :
117 Green Ml      :
Blacklick, OH 43004      :
      :
      **Plaintiffs, for themselves,**      :
      **and all others similarly situated.**      :
      :
      **v.**      :
      :
**EXCEPTIONAL INNOVATION, INC.**      :
**c/o CT Corporation System**      :
4400 Easton Commons Way, #125      :
Columbus, OH 43219      :
      :
      and      :
      :
**SEALE A. MOORER**      :
1755 Riverstone Drive      :
Delaware, OH 43015      :
      :
      and      :
      :      :
**SMARTV COMPANY LLC**      :
**c/o CT Corporation System**      :
4400 Easton Commons Way, #125      :
Columbus, OH 43219      :
      :
      and      :
      :
      :
**QUADRIGA AMERICAS, LLC**      :
3800 North Central Avenue, Suite 460      :
Phoenix, AZ 85012      :
      :
      and      :
      :
**INTERTOUCH HOLDINGS, LLC**      :
**c/o Corporation Service Company**      :
251 Little Falls Drive      :
Wilmington, DE 19808      :
      :
      and      :
      :
**ST HOLDINGS LLC**      :
480 Olde Worthington Road      :

4

Suite #350                                    :
Westerville, OH 43082                         :
                                              :
     **Defendants.**              :

## COMPLAINT

NOW COMES Plaintiffs Steve Campbell, Ryan Carr, Richard Conley, Nicholas Dalton, Jamie Forsythe, Michael Hill, Andrew Johnston, Terry Keith, Joseph Kobalka, Thomas Leone, Terrance Malone, Christopher McVay, Nora Merhar, David Miller, Sharon Miller, Cameron Mokas, Kenny Ng, Michael Schertzer, Matt Stephey, Tammy Tull Oakley, Howard Watts, Eric Wilder, and Artur Yagdzhiyants (referred to collectively herein as "Plaintiffs") and proffers this Complaint for damages against Defendants Seale Moorer, Exceptional Innovation, Inc., SmarTV Company LLC, Quadriga Americas LLC, InterTouch Holdings, LLC, and ST Holdings LLC (referred to collectively herein as "Defendants").

## JURISDICTION AND VENUE

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Employee Retirement Income Security Act ("ERISA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111"), and common law.

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3.  This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio and common law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.   Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants are doing and have done substantial business in the Southern District of Ohio and one or all the Plaintiffs worked in and/or reside in the Southern District of Ohio.

## THE PARTIES

5.   Plaintiff Steve Campbell is an individual, a United States citizen, and a resident of the state of Colorado.  Mr. Campbell resides in Garfield County, Colorado.

6.   Plaintiff Ryan Carr is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Carr resides in Delaware County, Ohio.

7.   Plaintiff Richard Conley is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Conley resides in Delaware County, Ohio.

8.   Plaintiff Nicholas Dalton is an individual, a United States citizen, and a resident of the state of Ohio.  Mr. Dalton resides in Delaware County, Ohio.

9.   Plaintiff Jamie Forsythe is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Forsythe resides in Franklin County, Ohio.

10. Plaintiff Michael Hill is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Hill resides in Licking County, Ohio.

11. Plaintiff Andrew Johnston is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Johnston resides in Franklin County, Ohio.

12. Plaintiff Terry Keith is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Keith resides in Delaware County, Ohio.

13. Plaintiff Joseph Kobalka is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Kobalka resides in Franklin County, Ohio.

14. Plaintiff Thomas Leone is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Leone resides in Delaware County, Ohio.

15. Plaintiff Terrance Malone is an individual, a United States citizen, and a resident of the state of Florida. Mr. Malone resides in Pinellas County, Florida.

16. Plaintiff Christoper McVay is an individual, a United States citizen, and a resident of the state of Ohio. Mr. McVay resides in Franklin County, Ohio.

17. Plaintiff Nora Merhar is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Merhar resides in Franklin County, Ohio.

18. Plaintiff David Miller is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Miller resides in Delaware County, Ohio.

19. Plaintiff Sharon Miller is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Miller resides in Franklin County, Ohio.

20. Plaintiff Cameron Mokas is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Mokas resides in Franklin County, Ohio.

21. Plaintiff Kenny Ng is an individual, a United States citizen and a resident of the state of Nevada. Mr. Ng resides in Clark County, Nevada.

22. Plaintiff Michael Schertzer is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Schertzer resides in Franklin County, Ohio.

23. Plaintiff Matt Stephey is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Stephey resides in Licking County, Ohio.

24. Plaintiff Tammy Tull Oakley is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Tull Oakley resides in Franklin County, Ohio.

25. Plaintiff Howard Watts is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Watts resides in Delaware County, Ohio.

26. Plaintiff Eric Wilder is an individual, a United States citizen, and resident of the state of Ohio. Mr. Wilder resides in Delaware County, Ohio.

27. Plaintiff Artur Yagdzhiyants is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Yagdzhiyants resides in Franklin County, Ohio.

28. At all times relevant herein, Plaintiffs were employees of Defendants as that term is defined in the FLSA.

29. Defendant Seale Moorer is an individual, a United States citizen, and a resident of Ohio.

30. Defendant Exceptional Innovation, Inc. is an Ohio corporation doing business in the Southern District of Ohio.

31. Defendant SmarTV Company LLC is an Ohio limited liability company doing business in the Southern District of Ohio.

32. Defendant Quadriga Americas, LLC is an Arizona limited liability company doing business in the Southern District of Ohio

33. Defendant InterTouch Holdings, LLC is a Delaware limited liability company doing business in the Southern District of Ohio.

34. Defendant ST Holdings, LLC is a Florida limited liability company doing business in the Southern District of Ohio.

35. Upon information and belief, the Defendant entities acted directly or indirectly in administering payroll, benefits, and other payments to Plaintiffs.

36. At all times relevant herein, Defendants are "covered employers" as that term is defined in the FLSA.

8

37. Upon information and belief, the Defendant entities operate collectively as one entity.

38. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

39. Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Plaintiff has given written consent to bring this action to collect unpaid minimum wage and other unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

40. Plaintiff Steve Campbell began working for Defendants in or around September 2016 in the position of Manager of Field Operations.

41. Plaintiff Ryan Carr began working for Defendants on or around October 29, 2007 in the position of Production Employee.

42. Plaintiff Richard Conley began working for Defendants in or around November 2015 in the position of Software Developer.

43. Plaintiff Nicholas Dalton began working for Defendants in or around August 2016 in the position of Software Engineer.

44. Plaintiff Jamie Forsythe began working for Defendants in or around January 2011 in the position of Supply Chain Manager/Purchasing Engineer.

45. Plaintiff Michael Hill began working for Defendants in or around October 2005 in the position of Production Manager.

46. Plaintiff Andrew Johnston began working for Defendants in or around August 2008 in the position of Software Developer.

9

47. Plaintiff Terry Keith began working for Defendants in or around June 2014 in the position of Senior Communications Specialist.

48. Plaintiff Joseph Kobalka began working for Defendants in or around November 2013 in the position of Senior Quality Assurance Analyst.

49. Plaintiff Thomas Leone began working for Defendants in or around September 2018 in the position of Field Operations Specialist.

50. Plaintiff Terrance Malone began working for Defendants on or around October 24, 2016 in the position of Quality Control Specialist.

51. Plaintiff Christopher McVay began working for Defendants in or around 2005 in the position of Senior Field Operations Specialist.

52. Plaintiff Nora Merhar began working for Defendants in or around September 2006 in the position of Senior Communications Specialist.

53. Plaintiff David Miller began working for Defendants in or around August 2018 in the position of Systems Engineer.

54. Plaintiff Sharon Miller began working for Defendants in or around December 2015 in the position of Quality Assurance Analyst.

55. Plaintiff Cameron Mokas began working for Defendants in or around November 2013 in the position of Quality Assurance Analyst.

56. Plaintiff Kenny Ng began working for Defendants in or around October 2012 in the position of Field Service Engineer.

57. Plaintiff Michael Schertzer began working for Defendants in or around October 2015 as Construction and Property Manager.

10

58.  Plaintiff Matt Stephey began working for Defendants in or around December 2015 as Director of Application Development.

59.  Plaintiff Tammy Tull Oakley began working for Defendants in or around October 2016 in the position of Project and Account Manager.

60.  Plaintiff Howard Watts began working for Defendants in or around October 2004 as IT Director.

61.  Plaintiff Eric Wilder began working for Defendants in or around June 2011 as Director of Quality Assurance.

62.  Plaintiff Artur Yagdzhiyants began working for Defendants in or around September 2008 in the position of Development Manager.

63.  Defendants are in the Information Technology industry. Defendants provide a unified platform of guestroom technology services, including technology solutions for broadband connectivity, multimedia services, interactive television and managed network solutions, to the hospitality and healthcare industries.

64.  Defendants service 103 countries, 2457 properties, and has 786 employees.

65.  Defendants have employees in Ohio, Florida, Colorado, and other states throughout the United States.

66.  All Plaintiffs were paid a set amount of compensation each week.

67.  Although their jobs did not change, Plaintiffs would receive paychecks from different Defendant entities.

68.  Upon information and belief, the Defendants comingle funds and pay employees from different bank accounts.

69.  In or around October 2018, Defendants began issuing direct deposits several days late.

11

70.  In or around November 2018, Defendants began issuing paper checks to its employees through regular U.S. mail rather than direct depositing them.

71.  From on or around December 9, 2018 through January 9, 2019, Defendants failed to pay its employees, including Plaintiffs, for their time worked during that period.

72.  In addition, in or around the same time period, Defendants stopped reimbursing Plaintiffs and their employees for out of pocket expenses.

73.  Also in 2018, Plaintiffs had deductions for health insurance taken from their paychecks. However, the premium deductions were not paid to the insurer.

74.  Plaintiffs brought the issue of unpaid wages, unpaid expenses, and health insurance premiums to Defendants' attention.

75.  On or around January 9, 2019, the Chairman and CEO of Exceptional Innovation, Seale Moorer, sent an email to all employees severing their employment.

76.  Thereafter, Defendants stopped responding to Plaintiffs' inquiries regarding payment for time worked.

### **COUNT I**
### **FLSA Collective Action, 29 U.S.C. §201, *et seq.* – Failure to Pay Minimum Wage**
### **(Brought by All Plaintiffs against All Defendants)**

77.  All of the preceding paragraphs are realleged as if fully rewritten herein.

78.  Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes: All current and former employees of Defendants who have not been paid minimum wages for work performed from the time period beginning on or around December 9, 2018 through on or around January 9, 2019.

79.     In the above time period in which Defendants have not compensated its employees, they have employed numerous employees throughout the United States. These other employees are similarly situated to Plaintiffs and are referred to herein as Similarly Situated Plaintiffs or "SSPs."

80.     This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage compensation withheld in violation of the FLSA. Plaintiffs are representative of all employees and are acting on behalf of others' interests as well as their own in bringing this action.

81.     These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorneys' fees and costs under the FLSA.

82.     Defendants violated the FLSA, 29 U.S.C. § 206(a), by not paying Plaintiffs and the SSPs minimum wage for all hours worked.

83.     Defendants knew or should have known of the minimum wage payment requirement of the FLSA.

84.     Plaintiffs and the SSPs are not exempt from the minimum wage provisions of the FLSA, and Defendants knew or should have known that Plaintiffs and the SSPs were entitled to be paid no less than the minimum wage payment for all hours worked.

85.     Defendants knowingly and willfully failed to properly pay Plaintiffs and the SSPs when Defendants failed to compensate Plaintiffs and the SSPs for all hours worked while employed by Defendants.

86.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the SSPs have suffered and continue to suffer damages and are entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## COUNT II
### Ohio Constitution §34a/OMFWSA R.C. 4111.02 – Failure to Pay Minimum Wage (Brought by Plaintiffs Carr, Conley, Dalton, Forsythe, Hill, Johnston, Kobalka, Keith, Leone, McVay, Merhar, D. Miller, S. Miller, Mokas, Schertzer, Stephey, Tull Oakley, Watts, Wilder and Yagdhiyants "Ohio Plaintiffs" against Defendants Exceptional Innovation, Inc., SmarTV Company LLC, Quadriga Americas LLC, InterTouch Holdings, LLC, and ST Holdings LLC)

87.     All of the preceding paragraphs are realleged as if fully rewritten herein.

88.     Plaintiffs Carr, Conley, Dalton, Forsythe, Hill, Keith, Kobalka, Merhar, D. Miller, S. Miller, Mokas, Schertzer, Stephey, Tull Oakley, Watts, and Wilder ("Ohio Plaintiffs") are Employees as defined by the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.* and Section 34a of the Ohio Constitution.

89.     The above referenced Plaintiffs bring their Ohio Minimum Fair Wage Standards Act ("OMFWSA") and Ohio Constitution §34a claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following "Ohio Class": All current and former employees of Defendants who worked in the state of Ohio who have not been paid minimum wages for worked performed from the time period beginning on or around December 9, 2018 through on or around January 9, 2019.

90.     Defendants are Employers as defined by the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.* and Section 34a of the Ohio Constitution.

91.     Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.* and Section 34a of the Ohio Constitution by not paying Plaintiffs and the other Ohio Class members the minimum wage for all hours worked.

14

92.     Defendants' knowing failure to properly pay Plaintiffs and the other Class members was a violation of Chapter 4111 and Section 34a of the Ohio Constitution.

93.     The Ohio Class, as defined above, is so numerous that joinder of all members is impracticable. Upon information and belief, the Ohio Class consists of more than 45 current and former employees employed by Defendants in the state of Ohio whom have not been paid minimum wages for work performed from the time period beginning on or around December 9, 2018 through on or around January 9, 2019.

94.     The above referenced Plaintiffs are members of the Ohio Class and their claim for unpaid minimum wages is typical of the claims of the other members of the Class.

95.     Plaintiffs will fairly and adequately represent the Ohio Class and the interests of all members of the Ohio Class.

96.     Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Ohio Class that they have undertaken to represent.

97.     Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire class.

98.     Questions of law and fact are common to the Ohio Class, including:

    a.  Whether Defendants violated the OMFWSA and Ohio Constitution §34a by failing to pay its employees for work performed from on or around December 9, 2018 through on or around January 9, 2019.

    b.  Whether Defendants' violations were knowing and willful.

    c.  What amount of unpaid compensation is due to the named Plaintiffs and the other members of the Ohio Class on account of Defendants' violations of the OMFWSA and Ohio Constitution §34a.

15

      d.    What amount of prejudgment interest is due to Ohio Class members on the minimum wage compensation which was withheld or not paid to them.

99.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees.

100.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

101.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

102.    A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court.  Plaintiffs and their counsel are not aware of any pending litigation on behalf of any the Ohio Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees.  Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

103.    For Defendants' violation of O.R.C. 4111 and Section 34a of the Ohio Constitution, Plaintiffs' are entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

**COUNT III**
**Breach of Contract/Implied Contract**
**(Brought by All Plaintiffs Against Defendants Exceptional Innovation, Inc., SmarTV Company LLC, Quadriga Americas, InterTouch Holdings, LLC, and ST Holdings LLC)**

104.    All of the preceding paragraphs are realleged as if fully rewritten herein.

105.    Plaintiffs and others similarly situated had a contract and/or implied contract and/or agreement with Defendants to receive a certain weekly compensation during their employment.

106.    Plaintiffs and others similarly situated had a contract and/or implied contract and/or agreement with Defendants to receive reimbursement for out-of-pocket expenses spent in furtherance of their job duties.

107.    Plaintiffs and others similarly situated had a contract and/or implied contract and/or agreement with Defendants to receive payment at the time of their termination for unused paid vacation time.

108.    Defendants breached these contracts and/or implied contracts and/or agreements by failing to pay the agreed upon weekly compensation, failing to reimburse employees, and failing to pay out unused vacation time upon separation.

109.    Plaintiffs bring their Breach of Contract/Implied Contract claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following subclasses:

> a.    All current and former employees employed by Defendants whom have not been paid the agreed upon compensation for work performed from the time period

beginning on or around December 9, 2018 through on or around January 9, 2019 ("Compensation Subclass");

    b.   All current and former employees employed by Defendants whom have not been reimbursed for out-of-pocket expenses spent in furtherance of their job duties "Expense Reimbursement Subclass");

    c.   All former employees employed by Defendants whom have not been paid their unused vacation pay upon separation ("Unused Vacation Subclass").

110.   The subclasses, as defined above, are so numerous that joinder of all members is impracticable. Each subclass consists of more than 45 current and former employees employed by Defendants.

111.   The Plaintiffs are members of each subclass and their claim for breach of contract/implied contract is typical of the claims of the other members of the subclasses.

112.   Plaintiffs will fairly and adequately represent the subclasses and the interests of all members of the subclasses.

113.   Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the subclasses that they have undertaken to represent.

114.   Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the subclasses.

115.   Questions of law and fact are common to the Compensation Subclass, including:

    a.   Whether a contract or implied contract existed regarding the payment of weekly compensation;

    b.   Whether Defendants breached the contracts/implied contract by failing to pay its employees the agreed upon compensation for work performed from on or around December 9, 2018 through on or around January 9, 2019

    c.   What amount of unpaid compensation is due to the named Plaintiffs and the other members of the Compensation Subclass on account of Defendants' breach;

    d.   What amount of prejudgment interest is due to Compensation Subclass members for Defendants' breach.

116.    Questions of law and fact are common to the Expense Reimbursement Subclass, including:

    a.   Whether a contract or implied contract existed regarding the reimbursement of out-of-pocket expenses spent in furtherance of employees' job duties;

    b.   Whether Defendants breached the contract/implied contract by failing to reimburse employees pursuant to the contract or implied contract;

    c.   What amount of unreimbursed expenses are due to the named Plaintiffs and the other members of the Expense Reimbursement Subclass on account of Defendants' breach;

    d.   What amount of prejudgment interest is due to Expense Reimbursement Subclass members for Defendants' breach.

117.    Questions of law and fact are common to the Unused Vacation Subclass, including:

    a.   Whether a contract or implied contract existed regarding the payout of unused vacation time upon termination from employment;

    b.   Whether Defendants breached the contract/implied contract by failing to pay its employees for unused vacation time upon termination;

    c.    What amount of unpaid vacation time is due to the named Plaintiffs and the other members of the Unused Vacation Subclass on account of Defendants' breach;

    d.    What amount of prejudgment interest is due to Unused Vacation Subclass members for Defendants' breach.

118.    Certification of each Subclass is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees.

119.    Certification of each Subclass is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

120.    Certification of each Subclass is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

121.    A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court.  Plaintiffs and their counsel are not aware of any pending litigation on behalf of any the Subclasses, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees.  Certification of this case as a class

action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT IV**
**ERISA - Breach of Fiduciary Duty**
**(Brought by All Plaintiffs Against Defendants Exceptional Innovation, Inc. and Seale Moorer)**

122.     All of the preceding paragraphs are realleged as if fully rewritten herein.

123.     During Plaintiffs employment, Defendant Exceptional Innovation Inc. had in place an ERISA Plan for employee health insurance (the "Plan") provided through Anthem Insurance Companies, Inc ("Anthem").

124.     Defendants Exceptional Innovation and Seale Moorer exercised discretionary authority and/or discretionary control over the Plan's manager and/or over management or disposition of the Plan's assets and/or Defendants Exceptional Innovation Inc and Seale Moorer had discretionary authority or discretionary responsibility in the administration of the Plan.

125.     Defendants Exceptional Innovation and Seale Moorer were Plan fiduciaries.

126.     An amount was deducted each pay period from Plaintiffs' wages to cover a portion of the premium.

127.     Defendant Exception Innovation Inc. failed to pay the premiums to Anthem despite deducting a portion of the premium from Plaintiffs' paychecks.

128.     Upon information and belief, the insurance premiums deducted from Plaintiffs' paychecks were diverted to other areas of the business and/or debts of the other Defendants.

129.     Upon information and belief, Defendant Moorer was aware that the health insurance premiums deducted from Plaintiffs' paychecks were being used for other purposes.

21

130. Defendants Exceptional Innovation and Seale Moorer breached their fiduciary duties by deducting insurance premiums from Plaintiffs' paychecks but failing to provide those premiums to Anthem.

131. Upon information and belief, more than 45 individuals, including Plaintiffs, had their premiums deducted but not paid to Anthem.

132. After Defendants failed to pay the premiums to Anthem, Plaintiffs health insurance was terminated. However, Defendants failed to notice or provide COBRA rights benefits to Plaintiffs.

133. Plaintiffs' bring this claim pursuant to Rule 23, on their own behalf and on behalf of a class of similarly situated persons ("ERISA Class") defined as: all current and former employees of Defendants, that were part of Exceptional Innovations' health insurance plan and that had premiums deducted from their paychecks but the premiums were not paid to the insurer.

134. The ERISA Class, as defined above, is so numerous that joinder of all members is impracticable. Upon information and belief, the ERISA Class consists of more than 45 current and former employees employed by Defendants.

135. The above referenced Plaintiffs are members of the ERISA Class and their claim for breach of fiduciary duties is typical of the claims of the other members of the ERISA Class.

136. Plaintiffs will fairly and adequately represent the ERISA Class and the interests of all members of the ERISA Class.

137. Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the ERISA Class that they have undertaken to represent.

138. Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire class.

22

139.    Questions of law and fact are common to the ERISA Class, including:

a.    Whether Defendants Exceptional Innovations and Seale Moorer were fiduciaries under ERISA law.

b.    Whether premiums were deducted from paychecks but not paid to the insurer.

c.    Whether the premiums deducted were use for other purposes and the nature of those other purposes.

d.    Whether notice of termination of benefits or COBRA rights notice was provided.

140.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

141.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the ERISA Class.

142.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

143.    A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court.  Plaintiffs and their counsel are not aware of any pending litigation on behalf of any the ERISA Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of

23

conduct for Defendants.  Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

144.    For Defendants' violation of the Employee Retirement Income Security Act, Plaintiffs' are entitled to recover premiums, actual costs of out of pocket medical expenses, civil penalties, COBRA penalties, attorneys' fees and costs, and all other remedies available under ERISA.

## COUNT V
### Piercing the Corporate Veil
### (Brought by All Plaintiffs Against Defendants Exceptional Innovation, Inc., SmarTV Company LLC, Quadriga Americas, LLC, InterTouch Holdings, LLC, and ST Holdings LLC)

145.    All of the preceding paragraphs are realleged as if fully rewritten herein.

146.    Upon information and belief, Exceptional Innovation Inc., SmarTV Company LLC, Quadriga Americas LLC, InterTouch Holdings LLC, and ST Holdings LLC operate collectively under the EI Group of entities.  The entities operate under the universal brand name interTouch Quadriga (iQ).

147.    Upon information and belief, SmarTV Company LLC and Quadriga Americas LLC are subsidiaries of Exceptional Innovation Inc.

148.    Upon information and belief, Exceptional Innovation Inc, InterTouch Holdings LLC, and ST Holdings LLC are alter egos of each other.

149.    Defendant Exceptional Innovations had direct supervision and control of the Plaintiffs, including the responsibility to pay wages, reimburse expenses, and provide benefits.

150.    Defendant Exceptional Innovations, Inc. and Seale Moorer were made aware of the Plaintiffs' claims for their unpaid wages, unreimbursed expenses, and unpaid health insurance multiple times throughout 2018.

24

151.    Defendants acted in a self-serving manner by refusing to provide funds to pay Plaintiffs' wages, pay insurance premiums, and reimburse expenses.

152.    Due to the entity structure, it would be fundamentally unfair for any Defendant to be allowed to hide from the normal consequences of its business activities by using a complex entity structure with holding companies.

153.    If necessary, the Plaintiffs should be allowed to pierce the corporate veils to hold all of the EI Group of entities jointly and severally liable for any judgment arising from the facts set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs are entitled to and pray for the following relief:

A.    As to Count I, certification as a collective action to all SSPs and appointment of named Plaintiffs and their counsel to represent the Class, enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the Class the total amount of damages to which Plaintiffs and the Class are entitled, including unpaid wages, liquidated damages, interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendants to cease violations of the FLSA and such other or additional relief deemed appropriate by the Court.

B.    As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the above referenced Plaintiffs as the Ohio Class Representatives, enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the Class the total amount of damages to which Plaintiffs and the Ohio Class are

25

entitled, including unpaid minimum wages, treble damages, interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendants to cease violations of the Ohio Minimum Fair Wage Standards Act and Ohio Constitution §34a, and such other or additional relief deemed appropriate by the Court.

C. As to Count III, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Plaintiffs as the Representatives for each of the Subclasses, enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the Class the total amount of damages to which Plaintiffs and the Subclasses are entitled, including an award of payment for the agreed upon compensation, unreimbursed expenses, and unused vacation, and such other or additional relief deemed appropriate by the Court.

D. As to Count IV, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Plaintiffs as the ERISA Class Representatives, enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the Class the total amount of damages to which Plaintiffs and the Class are entitled, including an award of payment for deducted premiums, actual costs of out of pocket medical expenses, civil penalties, COBRA penalties, attorneys' fees and costs, and all other remedies available under ERISA, and such other or additional relief deemed appropriate by the Court.

E.  As to Count V, enter an order piercing the corporate veils and to hold all Defendants jointly and severally liable for the claims set forth herein.

F.  Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Kyle T. Anderson (0097806)
(*Kyle@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*_____
Greg R. Mansell (0085197)

27